UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAREINERS, LLC,
        Plaintiff,

v.　　　　　　　　　　　　　　　　Case Number 2:22-cv-3433
　　　　　　　　　　　　　　　　　　JUDGE EDMUND A. SARGUS, JR.
ANOMATIC CORPORATION,　　　　　Magistrate Judge Kimberly A. Jolson
        Defendant.

## ORDER

This matter is before the Court on Defendant Anomatic Corporation's Motion to Bifurcate (ECF No. 101), Plaintiff Mareiners, LLC's Memorandum in Opposition (ECF No. 108), and Defendant's Reply (ECF No. 116). Defendant requests that this Court bifurcate Plaintiff's correction of inventorship claim (ECF No. 76, Count 5) from Plaintiff's breach of contract and trade secret claims (*Id.*, Counts 1–4). (ECF No. 101.)

Courts may "order a separate trial of one or more separate issues [or] claims" in a case, "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). But "as the Rule indicates, and as our circuit has recognized," a court analyzing a bifurcation request "must consider several issues such as potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982).

District courts generally have discretion to determine whether and how to bifurcate, based "on the facts and circumstances of each case." *Saxion*, 86 F.3d at 556. However, where a court divides a trial on legal and equitable issues, all issues to which a jury right attaches must first be tried to a jury before equitable issues are tried to the court. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959); *Nat'l Union Elec. Corp. v. Wilson*, 434 F.2d 986, 988 (6th Cir. 1970).

Here, Defendant argues that bifurcation is necessary because the correction of inventorship claim will be decided by the Court, while all other claims will be decided by a jury. (ECF No. 101-1.) So, Defendant contends, bifurcation will promote judicial economy, protect against a risk of prejudice, and minimize the risk of juror confusion. (*Id.*) Plaintiff counters that Defendant's Motion should be denied because Defendant failed to confer with Plaintiff regarding the Motion and it is unclear exactly which evidence is relevant to solely the correction of inventorship claim. (ECF No. 108.) At the same time, however, Plaintiff acknowledges that some level of bifurcation could promote judicial economy and notes that it "would consider stipulating to bifurcation of the inventorship claim and reserve evidence solely relevant to inventorship for a separate hearing" if that evidence is properly defined after meeting and conferring with Defendant. *(Id.*, PageID 3405, 3409.)

This Court is satisfied that bifurcation of Plaintiff's correction of inventorship claim promotes judicial economy, avoids potential prejudice, and minimizes juror confusion. "An action for correction of inventorship under § 256, standing alone, is an equitable claim to which no right to a jury trial attaches." *Shum v. Intel Corp.*, 499 F.3d 1272, 1277 (Fed. Cir. 2007); *see also Blue Gentian, LLC v. Tristar Prods., Inc.*, 70 F.4th 1351, 1358 (Fed. Cir. 2023) ("Inventorship is a question of law."). By bifurcating the inventorship claim, the number of days required for trial before a jury will be reduced because less evidence will be presented to the jury. And because that evidence will only be relevant to a complex patent claim that will be decided by the Court, bifurcation is compelling, as it "will help prevent jury confusion, while not inconveniencing and prejudicing the parties or wasting scarce judicial resources." *See Ferrarelli v. Federated Fin. Corp. of Am.*, 253 F.R.D. 432, 433 (S.D. Ohio 2008).

Though bifurcation is warranted, the Court recognizes that this case involves issues and related evidence that are relevant to all of Plaintiff's claims, including the equitable correction of inventorship claim. To ensure Plaintiff's right to a jury trial on its legal claims is not abridged, such common issues and evidence must be submitted to the jury before this Court decides the equitable claim. *See Tull v. United States*, 481 U.S. 412, 425 (1987) (citation modified) ("If a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact."). Following a jury trial on the legal claims, the Court will hear all issues and related evidence that are relevant to *only* the correction of inventorship claim. The Court will then decide the inventorship claim based on *all* issues and evidence relevant to the claim, adopting the jury's determinations on the common issues. *Id.*

Accordingly, the Court **GRANTS** Defendant's Motion to Bifurcate. (ECF No. 101.) The Parties are **ORDERED** to meet and confer regarding the scope of issues and related evidence that are only relevant to Plaintiff's correction of inventorship claim (ECF No. 76, Count 5). The Parties are further **ORDERED** to file a stipulation regarding the scope of such issues and evidence to be bifurcated or a status report detailing the status, not substance, of the Parties' efforts to do so within 30 days of this Order.

Because the Undersigned will preside over the inventorship claim in a bench trial, he declines to hold the Settlement Conference set for December 30, 2025. (*See* ECF No. 129.) Therefore, the Clerk is **DIRECTED** to **VACATE** the Settlement Conference. (ECF No. 129.)

    **IT IS SO ORDERED.**

**12/5/2025**                                                                                      s/Edmund A. Sargus, Jr.
**DATE**                                                                                     **EDMUND A. SARGUS, JR.**
                                                                                          **UNITED STATES DISTRICT JUDGE**